**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PENN NATIONAL MUTUAL** | ) | |
| **CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0524-WS-M** |
| | ) | |
| **IPSCO STEEL (ALABAMA), INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the defendants' motion for leave to file amended counterclaims and third-party claims. (Doc. 34). The plaintiff and defendants have exchanged briefs in support of their respective positions, (Docs. 37, 39, 40), the third-party defendants have declined the opportunity to participate, (Doc. 36), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be granted.

**BACKGROUND**

The plaintiff issued a commercial policy of insurance in favor of third-party defendant TC Construction, Inc. ("TC"). During the policy term, TC employee Benjamin McLeod was injured while working at defendant IPSCO Steel (Alabama), Inc. ("IPSCO"), allegedly due to the negligence of defendant Keith Cooley, IPSCO's employee. The contract between TC and IPSCO apparently called for TC to provide liability coverage for IPSCO and its employees, but the parties dispute whether the policy or any modification of it in fact did so.

McLeod sued IPSCO and Cooley in state court. The plaintiff apparently denied coverage initially but later provided a defense under a reservation of rights. The plaintiff filed this action seeking a declaration that the defendants are entitled to neither defense

nor indemnity with respect to the *McLeod* litigation.  The defendants responded with counterclaims against the plaintiff for breach of contract and for bad faith due to its failure to provide a defense or indemnity.  The defendants also filed a third-party claim against TC for a declaration that TC breached a contractual obligation to indemnify IPSCO and to provide insurance covering IPSCO and its employees from incidents such as that underlying the *McLeod* litigation.  (Doc. 14).

The defendants' original counter- and third-party claims were filed in late September 2007.  Three months later, they filed the instant motion in order to assert claims based on subsequent events.  (Doc. 34 at 1).  In particular, the defendants allege: that their counsel in the *McLeod* litigation (who was supplied by the plaintiff) advised that a verdict for McLeod was probable and that a verdict above the $1,000,000 policy limits was reasonably possible; that McLeod offered to settle for a sum below policy limits; that the plaintiff, although aware of these facts, refused to respond to McLeod's demands; that the plaintiff also refused to fund a settlement with McLeod; that the defendants, in order to avoid a judgment in excess of policy limits, settled the *McLeod* lawsuit and funded the settlement.  (*Id.*, Exhibit A).[1]

The proposed amended counterclaims would accomplish the following:

- expand the breach of contract claim to include an allegation that the plaintiff breached the policy by failing to respond to McLeod's settlement demands and failing to fund a settlement of the *McLeod* litigation;

- expand the bad faith claim to include an allegation that the plaintiff refused to settle the *McLeod* litigation, and/or fund a settlement of it, without a lawful basis therefor;

- add a counterclaim for bad faith refusal to settle; and

- add a counterclaim for negligent/wanton refusal to settle.

---

[1]According to a letter submitted by the plaintiff, the settlement was reached shortly before the case was set for trial in December 2007.  (Doc. 37, Exhibit A).

(Doc. 34, Exhibit A).  The proposed amended third-party claims would convert the claims for declaratory judgment to claims for breach of contract.  (*Id.*).

## DISCUSSION

Under Rule 15(a), courts are to freely grant leave to amend "when justice so requires."  Thus, leave should be given "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted). The only reason the plaintiff provides for denying the defendants' motion is futility of amendment.  The parties agree that futility is established when the claim, if allowed, would be subject to dismissal under Rule 12(b)(6) for failure to state a claim on which relief may be granted.  (Doc. 37 at 2; Doc. 39 at 2).

The plaintiff identifies two reasons the proposed new counterclaims for bad faith and negligent/wanton refusal to settle are futile: (1) the plaintiff's filing of this declaratory judgment action prevented any duty to settle from arising; and (2) the defendants settled the *McLeod* litigation for less than the policy limits.  (Doc. 37 at 4-8).

The plaintiff identifies no Alabama authority supporting the former proposition. The one Alabama case it cites dealt only with whether an insurer disputing coverage may intervene in the underlying lawsuit between its insured and the injured party in order to present special interrogatories to the jury concerning coverage issues.  *Universal Underwriters Insurance Co. v. East Central Alabama Ford-Mercury, Inc*., 574 So. 2d 716 (Ala. 1990).  In the course of crafting a special procedure to accommodate this concern, the *Universal Underwriters* Court quoted a Wisconsin case that may or may not support the plaintiff's argument, *id*. at 726, but it did not purport to adopt that position as Alabama law, and this Court has discovered no later case construing *Universal*

-3-

*Underwriters* as having done so.  Whatever the import of the cases from other jurisdictions cited by the plaintiff, (Doc. 37 at 7-8; Doc. 40 at 9), they do not establish the content of Alabama law.[2]

Nor is it immediately apparent that Alabama would embrace a rule automatically insulating insurers from liability for refusal to settle within policy limits solely because the insurer has challenged coverage in a declaratory judgment action.  It is well established that "the finding of a justiciable controversy in a declaratory judgment action would not bar a bad faith claim" for failure to provide coverage on a third-party claim against the insured, *Blackburn v. Fidelity & Deposit Co.*, 667 So. 2d 661, 664, 672 (Ala. 1995), and the plaintiff has not explained why the same principle would not apply to claims for bad faith refusal to settle a third-party claim against the insured.

The plaintiff complains that the defendants have cited no case expressly recognizing the viability of their claims in the face of a pending declaratory judgment action.  (Doc. 40 at 8).  It is the plaintiff as movant, however, that bears the burden of satisfying the Court that the proposed counterclaims fail to state a claim upon which relief can be granted.  *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998).

The plaintiff's second futility argument focuses on the following quote: "'This court has on several occasions addressed the tort of negligent or bad-faith failure to settle. Each time, the Court has held that a cause of action arising out of a failure to settle a third-party claim made against the insured does not accrue unless and until the claimant obtains a final judgment in excess of the policy limits.'" *Federal Insurance Co. v. Travelers Casualty & Surety Co.*, 843 So. 2d 140, 145 (Ala. 2002) (quoting *Evans v. Mutual Assurance, Inc.*, 727 So. 2d 66, 67 (Ala. 1999)) (emphasis omitted).  The proposed amended counterclaim acknowledges that the defendants settled "[i]n order to

---

[2]That the Alabama Supreme Court has quoted one of these cases for a different proposition does not, as the plaintiff appears to suggest, (*id.*),  represent a wholesale adoption of that case as Alabama law.

avoid a judgment in excess of the policy limits," (Doc. 34, Exhibit A at 5, ¶ 10); that is, they secured a settlement below policy limits.  The plaintiff concludes that amendment is futile because the defendants cannot show that the settlement exceeded policy limits as per *Federal Insurance* and *Evans*.  (Doc. 37 at 4, 5; Doc. 40 at 2, 3, 4, 6).

The necessary premise of the plaintiff's argument is that an insurer can never be liable for wrongful failure to settle when its insured, rather than risking a verdict above policy limits, instead settles for less than policy limits.  *Federal Insurance* and *Evans*, however, do not sweep so broadly.  All they say is that, historically, a judgment in excess of policy limits has been required.  But both of these cases, as well as those they cite, involved verdicts against the insured above policy limits;[3] none involved a pre-trial settlement below policy limits, and so none addressed that situation.[4]  Certainly the plaintiff has identified no language within them that compels application of an excess-of-policy-limits requirement to this situation.

Nor is it obvious that Alabama would preclude an insured, whose insurer denies coverage or defends under a reservation of rights while challenging coverage, from maintaining a cause of action for wrongful refusal to settle after protectively settling a lawsuit for less than policy limits.  As the *Federal Insurance* Court noted, "it is well settled that a bad-faith-failure-to-settle claim does not exist where the insured is subject to no personal loss from a final judgment ...."  843 So. 2d at 144 (citing *Evans*).  Requiring a

---

[3]843 So. 2d at 141; 727 So. 2d at 67; *State Farm Mutual Automobile Insurance Co. v. Hollis*, 554 So. 2d 387, 387 (Ala. 1989); *Turner Insurance Agency v. Continental Casualty Insurance Co.*, 541 So. 2d 471, 472 (Ala. 1989); *Hartford Accident & Indemnity Co. v. Cosby*, 173 So. 2d 585, 587 (Ala. 1965); *Waters v. American Casualty Co.*, 73 So. 2d 524, 528 (Ala. 1953).

[4]Two of the plaintiff's authorities did not involve a failure to settle at all, and neither purported to recognize a mandatory limitation on the tort to amounts in excess of policy limits.  *Chavers v. National Security Fire & Casualty Co.*, 405 So. 2d 1, 5 (1981); *Boyd Brothers Transportation Co. v. Fireman's Fund Insurance Cos.*, 540 F. Supp. 579, 581-82 (M.D. Ala. 1982).

judgment in excess of policy limits honors this principle when the insurer accepts coverage, because such an insurer will necessarily pay an entire judgment within policy limits, freeing the insured from personal loss.  It appears at least arguable that the absolute requirement for a cause of action for wrongful failure to settle is not a judgment in excess of policy limits (although this often weeds out such claims) but personal loss to the insured.  Because the proposed amended counterclaim alleges that the defendants did not merely settle but paid McLeod the settlement amount, it would appear to reflect the requisite personal loss.

In its reply brief, the plaintiff for the first time suggests that the claim is defective because it fails to allege that the defendants could have settled the lawsuit for a lesser amount had the plaintiff funded it.  (Doc. 40 at 3 n.2).  This argument comes too late,[5] but in any event it misreads the authority on which it rests.  The Court in *Twin City Fire Insurance Co. v. Colonial Life & Accident Insurance Co.*, 375 F.3d 1097 (11th Cir. 2004), stated only that, where an insurer with no coverage obligation reneged on an agreement to contribute to a settlement by its insured, the insured could not be damaged by the failure to contribute unless, but for the failure, the injured party would have settled for a lesser amount.  *Id*. at 1101-02.  The allegation here is that the plaintiff did have a coverage obligation, and *Twin City* is thus inapplicable.

With respect to breach of contract, the plaintiff in a brief footnote suggests the proposed amended counterclaim fails for failure to allege that the policy required it to fund a settlement while disputing coverage.  (Doc. 37 at 6 n.2).  The proposed amended counterclaim alleges that the plaintiff breached the policy by not funding the settlement, so the plaintiff's argument attacks the existence of a duty to fund the settlement.  Its position depends on the argument, previously reviewed, that the filing of a declaratory judgment action precludes any duty in tort concerning settlement from arising.  Because the plaintiff has not shown that this is a correct statement of Alabama law, it is likewise

---

[5]*Mariano v. Potter*, 2006 WL 907772 at *3 (S.D. Ala. 2006).

insufficient to negate the existence of duty in contract.

With respect to bad faith denial of an insurance claim, the plaintiff's only argument was raised in its reply brief, which comes too late to merit consideration. *Mariano*, *supra*.  At any rate, the plaintiff's argument is simply an extension of its position that a bad faith claim does not accrue without a settlement in excess of policy limits, and the Court has already found that argument insufficient to establish futility.

For the reasons set forth above, the defendants' motion for leave to file amended counterclaims and third-party claims is **granted**.  The defendants are **ordered** to file and serve their amended pleading on or before **January 29, 2008**.[6]

DONE and ORDERED this 21st day of January, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6]The Court does not recognize partial pleadings.  Accordingly, the defendants are not to file the "amended counterclaims and third-party claims" they attached as an exhibit to their motion, because that document does not include their answer to the complaint.